65 F.3d 186
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony (Glatt) TOWNE, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7047.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves (1) for a 2-day extension of time, until July 5, 1995, to file its response brief or a dispositive motion, and (2) to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Anthony (Glatt) Towne, Jr.'s appeal for lack of jurisdiction. Towne opposes.
 
 
 2
 Towne served on active military duty from November 1974 until November 1976. In 1991, Towne sought service connection for a number of maladies, but the only medical condition at issue in this appeal is the one relating to a nervous disorder. The regional office denied service connection. Towne appealed to the Board of Veterans Appeals. The Board denied service connection for acquired psychiatric disorder. Towne then appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals affirmed the Board's determination. The Court of Veteran Appeals concluded that:
 
 
 4
 [Towne's] service medical records show no diagnosis of a psychiatric disorder during service. In fact, his service medical records contain a finding that [Towne] had no psychiatric pathology in service. The only evidence that links [Towne's] mental disorder to his service consists of statements from a VA psychiatrist and a private social worker. The Board found these statements not credible because they were inconsistent and unsupported by the clinical evidence. In denying service connection, the Board gave greater weight to the service medical records and the inservice diagnosis that found no psychiatric pathology.
 
 
 5
 This appeal followed.
 
 
 6
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 7
 In his informal brief, Towne argues that the Court of Veterans Appeals failed to consider certain medical evidence and made improper determinations with respect to the evidence it did consider. Thus, Towne challenges the Court of Veteran Appeal's factual determinations or the application of law to his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Secretary's motion for an extension of time is granted.
 
 
 10
 (2) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 11
 (3) The Secretary's motion to dismiss is granted.
 
 
 12
 (4) Each side shall bear its own costs.